UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| IN RE : CHARLES EDWARD WOOD, II AND JENNIFER LYNN HANNA<br>*DEBTORS* | CASE NO: 5:20-50037<br><br>CHAPTER 13 |

DEBTORS' MOTION TO REOPEN BANKRUPTCY FOR LIMITED PURPOSE OF ENFORCING THE DISCHARGE, ASSERTING VIOLATIONS OF THE CONFIRMED PLAN AND RELATED RELIEF

**This pleading requests relief that may be adverse to your interests.**

**If no timely response is filed within 21 days from the date of service, the relief requested herein may be granted without a hearing being held.**

**A timely filed response is necessary for a hearing to be held. Any response must be timely filed with the United States Bankruptcy Clerk, Western District of Texas, San Antonio Division; Hipolito F. Garcia Federal Building and United States Courthouse; 615 East Houston Street, Room 597; San Antonio, Texas 78205.**

**If a timely response is filed, the Court will then set a hearing on the Motion, and you will be provided with notice of the date, time, and place of the hearing. If you do not attend the hearing, the Court may decide that you do not oppose the Motion.**

TO THE HONORABLE JUDGE OF SAID COURT:

Now comes Charles Edward Wood, II and Jennifer Lynn Hanna, Movants, and files this Motion to Reopen their Chapter 13 bankruptcy case pursuant to 11 U.S.C. §350(b) for

DEBTORS' MOTION TO REOPEN BANKRUPTCY FOR LIMITED PURPOSE OF ENFORCING THE DISCHARGE, ASSERTING VIOLATIONS OF THE CONFIRMED PLAN AND RELATED RELIEF

1

the limited purpose of filing an adversary proceeding against NewRez LLC d/b/a Shellpoint Mortgage Servicing, as Movants believe the party has violated their discharge. In support of this motion the Movants would show the Court as follows:

1. On January 6, 2020, Plaintiffs filed a voluntary petition under Chapter 13 of the United States Bankruptcy Code, Case No. 20-50037, in the United States Bankruptcy Court for the Western District of Texas, San Antonio Division.

2. Plaintiffs' Chapter 13 plan was confirmed by order of the Court on April 7, 2020. The plan was later modified by order after confirmation on May 26, 2022, and June 27, 2023.

3. On February 7, 2025, the Court entered an Order of Discharge pursuant to 11 U.S.C. §1328(a).

4. The Order of Discharge was served on NewRez.

5. On June 2, 2020, the Chapter 13 Trustee filed her Final Report and Account, which confirmed that $7,011.61 was paid on the arrearage claim held by NewRez and allowed in the amount of $7,011.61, and that $75,277.43 was paid on the ongoing monthly claim.

6. NewRez did not object to the Trustee's Final Report.

7. NewRez acknowledged in its Response to Notice of Final Cure Payment that Plaintiffs were current on all postpetition payments.

8. Despite this, once the case was closed, NewRez immediately claimed that Movants owed above the amount of their monthly payment, and claimed the loan was past due more than one month.

9. In their first collection letter, NewRez attempted to distinguish between "bankruptcy-allowed amounts" and the "actual loan status," suggesting that

DEBTORS' MOTION TO REOPEN BANKRUPTCY FOR LIMITED PURPOSE OF ENFORCING THE DISCHARGE, ASSERTING VIOLATIONS OF THE CONFIRMED PLAN AND RELATED RELIEF

2

even though all allowed amounts under the bankruptcy plan were accounted for, the loan itself was not current.

10. NewRez's actions have caused Plaintiffs to suffer damages, including damage to their credit, emotional distress, and attorney's fees incurred in addressing these issues.

11. The movants desire to seek redress for the creditor's violations as per above, and the Movants are prepared to file an adversary complaint if this case is reopened.

12. Reopening is appropriate in this matter pursuant to 11 U.S.C. §350(b) for the purposes of granting relief to the Movant consistent with prior court orders and the Bankruptcy Code.

**POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO REOPEN**

13. This motion should be granted for the reasons stated above and based on the law governing the reopening of cases to provide relief to the debtor. 11 U.S.C. §350(b) expressly provides that a case may be reopened to "accord relief to the debtor, or for other cause."

14. Courts have long held that a bankruptcy case may be reopened in order that the discharge may be enforced. *See e.g.* *Eastman v. Baker Recovery Servs. (In re Eastman), 512 B.R. 832, 838-39 (Bankr. W.D. Tex. 2009)* where the court reopened a Chapter 7 bankruptcy in order that the debtor might move to enforce their rights for violation of the discharge injunction as well as for debt collection violations.

15. Additionally, the law is clear that a bankruptcy court has subject matter jurisdiction over violations of a confirmed plan, such as Movants allege NewRez LLC d/b/a/ Shellpoint Mortgage Servicing's failure to correctly apply payments

DEBTORS' MOTION TO REOPEN BANKRUPTCY FOR LIMITED PURPOSE OF ENFORCING THE DISCHARGE, ASSERTING VIOLATIONS OF THE CONFIRMED PLAN AND RELATED RELIEF

3

to their mortgage violated their plan, first as confirmed and then as amended. *See e.g.* "This Court has subject matter jurisdiction over an adversary proceeding asserting violations of a confirmed plan. A matter concerning the administration of a chapter 13 bankruptcy plan concerns matters that by their nature, could arise only in the context of a bankruptcy case. The Fifth Circuit has left no doubt that bankruptcy courts have core 'arising under' subject matter jurisdiction over adversary proceedings alleging violations of a confirmed plan." [Rodriguez v. Countrywide Home Loans, Inc. (In re Rodriguez), 396 B.R. 436, 451 (Bankr. S.D. Tex. 2008)](#) (internal citations omitted for clarity.)

16. "The Fifth Circuit has clarified that after a bankruptcy case is closed, a bankruptcy court nevertheless has subject matter jurisdiction to protect important debtor rights created by the Bankruptcy Code." *In re Craig's Stores of Tex., Inc.*, 266 F.3d 388, 390 (5th Cir. 2001) as cited by *Rodriguez v. Countrywide Home Loans, Inc. (In re Rodriguez)*, 396 B.R. 436, 452 (Bankr. S.D. Tex. 2008).

17. Here, the movants assert that NewRez LLC d/b/a Shellpoint Mortgage Servicing had notice of the discharge and had agreed with the trustee, at the time of the discharge, that the Debtors would be current upon discharge and would continue making their regular monthly payments. When NewRez LLC instead tacked on charges for amounts owed and penalties due to "late" payments, movants allege this is a violation of the discharge for which the bankruptcy court that granted the discharge is uniquely suited to handle.

18. The law is clear that this Bankruptcy Court can reopen this Chapter 13 case to hear and determine this dispute.

WHEREFOR PREMISES CONSIDERED, the Movants herein request the Court to Reopen their bankruptcy case for the purpose of enabling them to file an adversary

DEBTORS' MOTION TO REOPEN BANKRUPTCY FOR LIMITED PURPOSE OF ENFORCING THE DISCHARGE, ASSERTING VIOLATIONS OF THE CONFIRMED PLAN AND RELATED RELIEF

4

complaint that seeks declaratory relief concerning the debt owed to NewRez LLC d/b/a Shellpoint Mortgage Servicing, as well as for actual relief and punitive relief regarding the creditor's violations being in contempt of the court with respect to the discharge granted these debtors. The Movants also pray for general relief.

Respectfully submitted,

_____
Amy Clark
amy@cimentlawfirm.com
Ciment Law Firm, PLLC
221 Bella Katy Dr.
Katy, Texas 77494
Phone: (210)294-9273
Filing Email: cpfiling@cimentlawfirm.com

DEBTORS' MOTION TO REOPEN BANKRUPTCY FOR LIMITED PURPOSE OF ENFORCING THE DISCHARGE, ASSERTING VIOLATIONS OF THE CONFIRMED PLAN AND RELATED RELIEF

5

Certificate of Service

I certify that a true and correct copy of the DEBTORS' MOTION TO REOPEN BANKRUPTCY FOR LIMITED PURPOSE OF ENFORCING THE DISCHARGE, ASSERTING VIOLATIONS OF THE CONFIRMED PLAN AND RELATED RELIEF and the corresponding proposed order were served on the following parties through the ECF/pacer system or through email on this, the 23rd date of December, 2025.

*Debtors:*

Charles Edward Wood, II
Jennifer Lynn Hanna
127 Bright Trail
San Antonio, TX 78253

*Chapter 13 Trustee:*

Mary K. Viegelahn
Office of the Standing Chapter 13 Trustee
10500 Heritage Blvd., Suite 201
San Antonio, TX 78216

*Mortgage Creditor*

NewRez Mortgage LLC
dba Shellpoint Mortgage Servicing
P.O. Box 10826
Greenville SC 29603

Padgett Law Group
546 Silicon Dr., Suite 103
Southlake, Texas 76092

 /s/ Amy Beth Clark

DEBTORS' MOTION TO REOPEN BANKRUPTCY FOR LIMITED PURPOSE OF ENFORCING THE DISCHARGE, ASSERTING VIOLATIONS OF THE CONFIRMED PLAN AND RELATED RELIEF

6